BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSHUA S. HA
Counsel to the Assistant Attorney General
Civil Division

NOAH T. KATZEN
Civil Division, Federal Programs Branch

Attorneys for Defendants

BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Acting United States Attorney
Acting Chief, Complex and Defensive Litigation Section
ALEXANDER L. FARRELL (Cal. Bar No. 335008)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-5557
E-mail: Alexander.Farrell@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES HOMELESS SERVICES AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>Defendants. | No. 2:26-cv-07056-DOC-AJR<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S [PROPOSED] ORDER TO MAINTAIN STATUS QUO ANTE PENDING RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [ECF NO. 27-2]**<br><br>Honorable David O. Carter<br>United States District Judge |

Defendants object to the Plaintiff's Proposed Order, ECF No. 27-2.

On July 16, 2026, Defendants sought a seven-day extension of the time to file a stipulated proposed order to provide additional time for the parties to find common ground. Regrettably, Plaintiff dismissed that invitation for further negotiation in favor of a unilateral filing. Plaintiff now baselessly accuses Defendants of seeking the extension so that they can issue a Notice of Funding Opportunity (NOFO) in advance of any stipulated order. Plaintiff's accusation presumes that Defendants are *required* to "agree" to enjoin themselves from issuing a revised NOFO and following the course outlined in the June 18 Letter. That presumption is unfounded. As explained in the Status Report, the Court's Minute Order begins by explaining that injunctive relief is inappropriate in advance of the preliminary injunction hearing. ECF No. 21 at 1. Plaintiff would interpret the Court to have then, on the next page, granted them a TRO by another name as a "*Stipulated* Proposed Order," without analyzing the ordinary factors in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). That reading is unreasonable.

In any event, the Court should deny Plaintiff any preliminary relief, including Plaintiff's proposed Section 705 stay, for the reasons explained in Defendants' opposition to the motion for a preliminary injunction, ECF No. 25. *See Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 983-84 (9th Cir. 2025) (noting that "'stays' under the APA turn on the same factors as preliminary injunctions"). Plaintiff is not likely to succeed on the merits and has not met its burden to show that, absent relief, it will suffer irreparable harm that outweighs Defendants' equities and the public interest. *See* ECF No. 25, at 10-33.

Seeking to supplement its argument on irreparable harm, Plaintiff suggests that if HUD finalizes the NOFO on July 26, that would "eliminate the possibility that the LA CoC submit a Consolidated Application" in favor of "permitting individual applications." ECF No. 27 at 3; *but see* 42 U.S.C. § 11360a(c) (contemplating HUD taking this exact action). That, again, begs the question why Plaintiff waited weeks after the June 11 Letter to seek relief. It also dramatically discounts Defendants' and the

public's interests in working to finalize the FY2026 NOFO, which sets the rules for a $4 billion nationwide competition.

In any event, Plaintiff is mistaken that the publication of the modified NOFO described in the July 16, 2026, Notice of Intent to Modify, ECF No. 31-7, will absolutely foreclose LAHSA from running the CoC competition for the LA geographic area. To the contrary, HUD has decided to do its best to maintain the status quo by delaying until August 10, 2026, or until this Court rules on Plaintiff's application for a preliminary injunction, whichever is earliest, a final determination on its June 18 letter and whether the LA CoC will be subject to the alternative processes described in the modified NOFO and Appendix III thereto.[1] HUD will similarly extend the application deadline for eligible applicants in the LA CoC's geographic area to thirty (30) days after the date of HUD's determination whether the LA CoC (or CA-600) meets the statutory and regulatory requirements described in the June 18 Letter. For example, if HUD makes its determination on August 10, eligible applicants in the geographic area will have until September 9 to apply for the competition. As a result, this delay will not prejudice the LA CoC nor the individual applicants.

[1] To ensure proper notice to potential applicants, HUD will issue a revised Notice of Intent to Modify, to supersede the notice at ECF No. 31-7. The revised notice will remove any specific reference to CA-600 and will provide a link to a website identifying potentially affected CoCs that can be updated at the relevant time.

Dated: July 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSHUA S. HA
Counsel to the Assistant Attorney General
Civil Division

NOAH T. KATZEN
Civil Division, Federal Programs Branch

BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Acting United States Attorney
Acting Chief, Complex and Defensive Litigation Section

*/s/ Alexander L. Farrell*
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendants