Keri Curtis Axel (Bar No. 186847)
 kaxel@waymakerlaw.com
Scott M. Malzahn (Bar No. 229204)
 smalzahn@waymakerlaw.com
Ashley E. Martabano (Bar No. 236357)
 amartabano@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Christopher Pelham (Bar No. 241068)
 christopher.pelham@nortonrosefulbright.com
Abigail G. Urquhart (Bar No. 310547)
 abigail.urquhart@nortonrosefulbright.com
Alex Scandroli (Bar No. 345278)
 alex.scandroli@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Plaintiff*
*Los Angeles Homeless Services Authority*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LOS ANGELES HOMELESS SERVICES AUTHORITY, a joint powers authority,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOUSING AND | Case No. 2:26-cv-07056<br><br>**STATUS REPORT RE: LAHSA REQUEST FOR HEARING BEFORE HUD** |

PLAINTIFF LOS ANGELES HOMELESS SERVICES AUTHORITY'S UPDATE RE: HUD PROCEEDINGS

URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as the Secretary of the U.S. Department of Housing and Urban Development; and DOES 1-10,

 Defendants.

## Update Regarding HUD Proceedings

For the Court's and the parties' reference, Plaintiff Los Angeles Homeless Services Authority ("LAHSA") provides an update on its administrative proceedings before the U.S. Department of Housing and Urban Development ("HUD") that are related to the suspension at issue in the above-captioned case.

LAHSA filed its Request for Hearing in response to HUD's suspension on July 10, 2026.  On July 23, 2026, the HUD Office of Hearings and Appeals served the parties an Amended Notice of Hearing and Order (the "Notice"), which is attached as **Exhibit A**.  The Notice sets a case schedule and orders that a hearing on Plaintiff's Request will take place on December 16, 2026 before HUD Administrative Law Judge Alexander Fernandez-Pons. Any decision in this matter is subject to an administrative appeal.  *See* 24 C.F.R. § 26.26.

DATED:  August 5, 2026                WAYMAKER LLP

By:     */s/ Keri Curtis Axel*
KERI CURTIS AXEL
*Attorneys for Plaintiff*
*Los Angeles Homeless Services Authority*

DATED:  August 5, 2026                NORTON ROSE FULBRIGHT US LLP

By: */s/ Chris Pelham*
CHRIS PELHAM
*Attorneys for Plaintiff*
*Los Angeles Homeless Services Authority*

1
PLAINTIFF LOS ANGELES HOMELESS SERVICES AUTHORITY'S UPDATE RE: HUD PROCEEDINGS

# EXHIBIT A

UNITED STATES OF AMERICA
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF HEARINGS AND APPEALS

|  |  |
|---|---|
| In the Matter of:<br><br>        LOS ANGELES HOMELESS SERVICES AUTHORITY,<br><br>                Respondent. | 26-AF-0612-DB-010<br><br>July 23, 2026 |

## AMENDED NOTICE OF HEARING AND ORDER

The Suspending Official referred the above-captioned matter to the Office of Hearings and Appeals on July 17, 2026, and it was referred to Administrative Law Judge, Alexander Fernández-Pons for hearing.[1]  On July 22, 2026, the Court issued the *Notice of Hearing and Order* scheduling this matter for a hearing to commence on December 16, 2026, and establishing various prehearing deadlines.

The United States Department of Housing and Urban Development ("Government") has filed a *Notice of Intent to File Complaint and Request to Adjust Prehearing Deadlines* explaining that the Government intends to file a Complaint that is separate and apart from the *Notice of Immediate Suspension Pending Investigation*, dated June 11, 2026, that was previously issued to Respondent.  As such, the Government requests that the prehearing deadlines be modified to accommodate the filing of the Complaint.

The Government's request is **GRANTED**.  The *Notice of Hearing and Order* issued yesterday is **RESCINDED** and **REPLACED** by this *Amended Notice of Hearing and Order*, which establishes a deadline for the Government to file a Complaint, and adjusts the other prehearing deadlines accordingly.

The parties are encouraged to discuss among themselves settlement in this matter.  If such discussions have not yet commenced or if such discussions have stalled, each party is reminded that pursuing this matter through hearing and possible appeals will require the expenditure of significant time and financial resources.  The parties should realistically consider the risk of not prevailing in the proceedings despite such expenditures.

A settlement allows the parties to control the outcome of the case rather than have a decision made for them.  Accordingly, the parties are strongly encouraged to engage in settlement discussions and attempt to resolve this matter.  If at any time the parties seek the

---

[1]  Administrative Judges and Administrative Law Judges of the U.S. Department of Housing and Urban Development have been duly appointed by the Secretary of the U.S. Department of Housing and Urban Development.

assistance of a settlement judge in this matter, please advise the Court of that fact, without elaboration.

***The mere pendency of settlement negotiations, however, does not constitute a basis for failing to comply strictly with the requirements of this Order.***

Accordingly, it is hereby **ORDERED** that:

The claims asserted in this matter shall be decided in an administrative proceeding on the record pursuant to 24 C.F.R. § 24.1 and 2 C.F.R. Part 2424, and the regulations at 24 C.F.R. Part 26, Subpart A, to the extent those provisions are not inconsistent with the hearing procedures required by 2 C.F.R. §§ 180.700 *et seq*.

### IT IS FURTHER ORDERED THAT:

1.  **FILING OF COMPLAINT.**  Government Counsel shall file a Complaint on or before August 10, 2026, in accordance with 24 C.F.R. § 26.13;

2.  **ADMINISTRATIVE RECORD.**  On or before August 20, 2026, Government Counsel shall file a complete copy of the administrative record in this case with the Court and shall simultaneously provide a copy to Respondent.  The administrative record shall be tabbed, numbered, and indexed in identical fashion as to the documents that the Government intends to introduce at the hearing;

3.  **RESPONDENT'S ANSWER.**  Respondent shall file an Answer to the Complaint, to include an admission or denial of each allegation in the Complaint, on or before September 9, 2026;

4.  **TIME AND DATE OF HEARING.**  The hearing in this matter will be held commencing at 10:00 a.m. ET on December 16, 2026, in Washington, D.C., in the Courtroom of the Office of Hearings and Appeals, located at 409 3rd Street, SW, Suite 201.  The parties shall confer and advise the undersigned by September 11, 2026, if another location is preferred for the hearing or if the parties prefer a remote hearing.[2]  The hearing is scheduled to conclude on or before December 18, 2026, unless the parties indicate more time is required by September 25, 2026;

5.  **AFFIRMATIVE DEFENSES.**  Counsel for the Secretary shall file a Motion to Strike Affirmative Defenses, if any, to be received by the Docket Clerk on or before October 14, 2026; Respondent(s) shall file a response to a Motion to Strike Affirmative Defenses, if any, to be received by the Docket Clerk on or before October 24, 2026;

6.  **WITNESSES.**  On or before September 23, 2026, the parties shall exchange lists of witnesses expected to be called at the hearing, except for impeachment or rebuttal,

---

[2] The Court has the capability to conduct remote hearings via videoconference on the Microsoft Teams platform.  If the hearing is held in person, Microsoft Teams will still be available for use to facilitate the display of exhibits and secure the participation of witnesses not able to attend in person.

together with a brief statement following each name describing the substance of the testimony to be given;

7. **DOCUMENTS.** On or before September 23, 2026, the parties shall exchange documents and other items to be offered as exhibits at the hearing. Each document and exhibit shall be numbered for identification (with the prefix "GOV #" for the Government's exhibits and "RES #" for Respondent's exhibits);

8. **FORMAT AND SUBMISSION OF EXHIBITS AND WITNESS LISTS.** For receipt by the Docket Clerk on or before December 2, 2026, each party shall submit (1) a list of the witnesses the party intends to call, with a summary of testimony for each witness; (2) a list of the exhibits the party intends to introduce; and (3) a copy of the exhibits in electronic (pdf) format;

   a. Electronic copies in .pdf format must be processed with an optical character recognition (OCR) tool and saved onto an attached CD-ROM;

   b. To avoid duplication of exhibits, the parties will coordinate and submit JOINT EXHIBITS. These exhibits will be designated "JNT #." The Government counsel will coordinate this effort. The other party(s) is expected to cooperate fully with the Government's efforts in this regard; and

   c. During the hearing, the parties shall be prepared to present exhibits by displaying them via Microsoft Teams or through other electronic means;

9. **OBJECTIONS.** Any party objecting to any known exhibit and/or witness to be presented at the hearing must file a written objection, stating the legal reasons for the objection, to be received by the Docket Clerk no later than December 4, 2026. The party attempting to introduce the exhibit and/or witness must file its response, to be received by the Docket Clerk no later than December 9, 2026. The parties must email (or fax) these objections and responses to such objections to each other immediately upon filing;

10. **PRE-HEARING STATEMENTS.** Each party shall file a pre-hearing statement, to be received by the Docket Clerk on or before December 9, 2026, briefly setting forth the following:

   a. The issues involved in the proceeding;

   b. Facts stipulated by the parties, together with a statement that the parties have made a good faith effort to stipulate to the greatest extent possible;

   c. Estimated time required for presentation of the Party's case;

   d. Facts in dispute;

   e. Applicable law; and,

   f. Conclusions to be drawn;

11. **MOTIONS.** Any motion filed before the Court **must be accompanied** by a **separate, clearly labeled** Memorandum of Points and Authorities in support of said motion. The

3

Memorandum of Points and Authorities must contain a thorough analysis of the issues presented along with the concordant application of law to facts;

a. **Dispositive Motions.** Any motion, the granting of which could result in the disposition of <u>any</u> <u>or</u> <u>all</u> (or portion of thereof) of the Counts contained in the Complaint, or alleviate the need for a hearing, should be filed as soon as practicable, but must be received by the Docket Clerk no later than <u>November 2, 2026</u>;

b. **Motions in Limine**. Motions directly affecting the conduct of the hearing (other than those already specified herein) should be filed as soon as practicable, but must be received by the Docket Clerk no later than <u>December 9, 2026</u>;

12. **FILE NOMENCLATURE.** Documents filed electronically should be named by docket number, brief description of document, and date, using the following highlighted example:

HUDOHA 14-AM-0153-DB-023 Resp Motion to Dismiss 01232014

13. **SERVICE AND FILING.** Copies of all documents filed shall be served on all parties of record at the same time as the originals are filed with the Docket Clerk. Except for hearing exhibits, the preferred method of document delivery is transmittal as scanned email attachments. Please note that the size limit for emails (including attachments) is 25 megabytes; therefore, transmission of any filing that exceeds this data limit will require more than one message;

Transmission to this office via facsimile (FAX) is also acceptable if email service is not possible. **Hardcopies of original filings are not permitted**. For further information, or if filing by email or facsimile is not possible, please contact the Docket Clerk at (202) 254-0000:

<u>If filing by email scanned attachment send to:</u> OHA_filings@hud.gov

<u>If filing by facsimile (FAX) send to:</u> (202) 485-9505

Service to all parties of record must be made in the same form filing is made to the Docket Clerk or to the Court in general (*e.g.*, if a party emails a document to the Judge, Clerk, Docket Clerk, etc., that party must serve the remaining parties by email as well).

All filings with the Docket Clerk or with the Court in general must be made by 6:00 p.m. ET for the filing to be docketed on that specific date. Documents **received** by facsimile or email **after** 6:00 p.m. ET will be docketed on the following business date;

14. **APPEARANCES.** Each attorney appearing for a Party must file an <u>Appearance of Counsel Form</u> provided by the Court with this Order. If a Party is appearing without attorney representation, that Party must file a <u>Pro Se Appearance Form</u> also provided by the Court with this Order. Said completed forms must be received by the Docket Clerk <u>within three</u>

4

business days of receipt of this Notice of Hearing and Order.  "Fillable-PDF" forms may be requested from the Court by emailing OHA_filings@hud.gov;

15.  **MANDATORY CERTIFICATION REGARDING GENERATIVE AI.**  By signing and presenting to the Court a pleading, written motion, or other filing, an attorney or pro se litigant certifies that either: (1) no portion of the filing was drafted by generative artificial intelligence ("AI") (such as ChatGPT, Harvey.AI, or Google Bard), or (2) any language in the filing that was drafted by generative AI was checked for accuracy by human attorneys or paralegals using printed legal reporters and/or online legal databases.

AI platforms, in their current states, are prone to "hallucinations," (i.e., fabrication of quotes or citations), lack of reliability, and bias.  Attorneys and pro se litigants are bound by the law and the facts in their representations to the Court, whereas generative AI is the product of programming unrestrained by truth or the law.  Accordingly, absent a statement that AI has been used and verified, your presentation and signature on a filing constitutes certification that AI has **not** been used[3];

16.  **OTHER MATTERS.**  Issues including accessibility for persons with disabilities, the need for interpreters, courtroom equipment, etc., must be brought to the attention of the Docket Clerk at least four (4) weeks prior to the start of the hearing; and,

17.  **PROCEDURE.**  The Hearing proceedings shall be conducted in accordance with 24 C.F.R. Part 26 Subpart A.

So **ORDERED,**

Sandra W. Gluvna, Administrative Judge
on behalf of Alexander Fernández-Pons,
Administrative Law Judge

Enclosures:

24 C.F.R. Part 26 Subpart A
2 C.F.R. Part 180
Appearance of Counsel Form
Pro Se Appearance Form

---

[3] The Court may strike any filing from a party who fails to abide by the Court's foregoing Mandatory Certification requirements.  Parties will be held responsible for the contents of any filing that they sign and submit to the Court, regardless of whether generative AI drafted any portion of that filing.

5

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **AMENDED NOTICE OF HEARING AND ORDER** by Alexander Fernández-Pons, Deputy Chief Administrative Law Judge in 26-AF-0612-DB-010, were sent to the following parties on this 23rd day of July 2026, in the manner indicated.

_____
Cinthia Matos, Docket Clerk
HUD Office of Hearings and Appeals

**VIA EMAIL**

*Respondent's counsel*

Christopher Pelham
Norton Rose Fulbright US LLP 555 South
Flower Street
Forty-First Floor
Los Angeles, California  90071
christopher.pelham@nortonrosefulbright.com

*Government's Counsel:*

William Doolittle
william.m.doolittle@hud.gov

Jessica Brautigam
jessica.a.brautigam@hud.gov