Shayla R. Myers (SBN 264054)
Ana Zuniga (SBN 281768)
LEGAL AID FOUNDATION
OF LOS ANGELES
1550 W. Eighth Street
Los Angeles, CA 90017
(213) 640-3983
Email: smyers@lafla.org
azuniga@lafla.org

Mark Rosenbaum (SBN 59940)
Faizah Malik (SBN 320479)
Amanda Mangaser Savage (SBN 325996)
Jonathan Jager (SBN 318325)
Cassidy Bennett (SBN 347811)
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
(213) 385-2977
Email: mrosenbaum@publiccounsel.org
fmalik@publiccounsel.org
asavage@publiccounsel.org
jjager@publiccounsel.org
cbennett@publiccounsel.org

Robyn C. Crowther (SBN 193840)
Mary Katherine Planchet (SBN 341006)
Abigail Falk Orozco (SBN 352267)
STEPTOE LLP
633 W Fifth Street, Suite 1900
Los Angeles, CA 90017
(213) 349-9400
Email: rcrowther@steptoe.com
mplanchet@steptoe.com
aorozco@steptoe.com

*Attorneys for Proposed Plaintiff-Intervenor Los Angeles Continuum of Care*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| LOS ANGELES HOMLESS SERVICES AUTHORITY, a joint powers authority,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development; and DOES 1-10,<br><br>Defendants. | Case No. 2:26-cv-07056-DOC-ARJ<br><br>Hon. David O. Carter<br><br>**NOTICE OF RULING IN RELATED CASE**<br><br>Date: n/a<br>Time: n/a<br>Courtroom: n/a |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the U.S. District Court of Rhode Island has issued an order granting in part Plaintiffs' motion for summary judgment in the related cases, *National Alliance to End Homelessness v. United States Department of Housing and Urban Development,* 26:c-436-MSM-AEM, and *State of Washington, et all, v. Department of Housing and Urban Development,* 2:26-439-MSM-AEM. The ruling is attached as Exhibit A.

Plaintiffs brought numerous claims against HUD's issuance of the FY 2026 Notice of Funding Opportunity for Continuum of Care funding under the Administrative Procedures Act, 5 U.S.C. § 705 *et seq.*. Plaintiffs moved for summary judgment on a number of claims, including their claim that HUD violated the Administrative Procedures Act when it issued the FY2026 NOFO. As relevant here, Plaintiffs argued that HUD chose to incentive interim housing and enrollment services in the FY 2026 NOFO, despite a Congressional mandate to incentivize only the two activities Congress recognized "proven to be effective at reducing homeless generally or reducing homelessness for a specific subpopulation": "permanent supportive housing for chronically homeless individuals and families, and rapid rehousing services for families." Exh. A, Dkt. 34 at 6, quoting 42 U.S.C. § 11386(d). The statute allows HUD to add additional strategies it asserts are "proven effective at reducing homelessness," *id.,* only if it goes through the notice and comment procedures, which HUD did not do.

The Court granted summary judgment on their claim, ruling that HUD moved forward with issuing the new FY 2026 NOFO without following the required legal process:

> HUD's attempt to deemphasize its Housing First approach through the use of its $1.3 billion set aside falls within the third category of activities that governs HUD's ability to create incentives and allocate funding for eligible activities. See 42 U.S.C. § 11386b(d)(2)(C). As outlined above, this subsection clearly requires HUD to engage in a public notice-and-comment process as understood

> within the context of the APA. *Id.* Therefore, the Court determines that HUD violated the APA's requirement to observe proper procedures as required by law when it issued the 2026 NOFO without first engaging in the public notice-and-comment procedure required by the MVA. *See* 5 U.S.C. § 706(2)(D). As a result, this Court must set aside the 2026 NOFO in its entirety.

Exhibit A, Dkt. 34 at 7-8.

Because this ruling resulted in the FY 2026 NOFO being set aside in its entirety, the Court declined to rule on Plaintiffs' other claims againt the NOFO.

Dated: August 7, 2026

Respectfully submitted,

LEGAL AID FOUNDATION OF LOS ANGELES

/s/

Shayla R. Myers
*Attorneys for Proposed Plaintiff-Intervenor Los Angeles Continuum of Care*

PUBLIC COUNSEL

/s/

Mark Rosenbaum
*Attorneys for Proposed Plaintiff-Intervenor Los Angeles Continuum of Care*

STEPTOE LLP

/s/

Robyn C. Crowther
*Attorneys for Proposed Plaintiff-Intervenor Los Angeles Continuum of Care*

**Local Rule 5-4.3.4 Attestation**

I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 7, 2026

LEGAL AID FOUNDATION OF LOS ANGELES

/s/

Shayla R. Myers