**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07056-DOC-AJR Date: September 9, 2026

Title: Los Angeles Homeless Services Authority v. Donald J. Trump et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION FOR A STAY PENDING APPEAL [71]**

Before the Court is Defendants' *Ex Parte* Application to Stay Pending Appeal (the "Application") (Dkt. 71) the Court's Order on the Preliminary Injunction (the "Order") (Dkt. 63). Having considered the briefing, the Court **DENIES** Defendants' Application.

In determining whether to grant a stay pending appeal, the Court must consider, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two factors are the "most critical." *Id.* Where the Government is the movant, as here, the final two factors "merge." *Id.* at 435.

Defendants have not met their burden to justify this "extraordinary remedy." *Id.* at 428. Defendants have failed to identify additional material reasons beyond those already rejected by the Court in its Order that demonstrate a likelihood of success on the merits or irreparable injury. Defendants argue for the first time here that "LAHSA's temporary retention for purposes of a consolidated application would undermine the confidence of other program participants and the public in HUD's administration of the CoC program

and the program's integrity." Application at 12. But any irreparable reputational harm to HUD and its programs is unlikely to occur, especially since HUD itself recently approved of LAHSA this April after decades of notice "of the very accusations it now brings against LAHSA concerning fraud and fiscal mismanagement." Order at 2.

Defendants have also failed to show that the public interest favors a stay. As the Court explained in its prior Order, "it is imperative that federal agency actions comply with congressional mandates to ensure that federal funding is not unlawfully terminated." Order at 23.

A stay would halt funding for crucial services for over 11,000 individuals in 85 cities across the Los Angeles region. This would push individuals back into homelessness and result in untold suffering and the loss of lives. Furthermore, a stay risks undermining the implementation of long-awaited structural change.

Such a transition must be undertaken with care for the very people Congress intended to protect. This can be accomplished only with thoughtful and deliberate planning so that 11,000 people are not cast onto the streets of Los Angeles and surrounding cities. A stay would threaten the change that is already underway and cause irreparable harm to the Los Angeles region and its citizens.

Accordingly, Defendants' Application for a Stay Pending Appeal is **DENIED**.

IT IS SO ORDERED.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu