FILED
CLERK, U.S. DISTRICT COURT
10/20/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

NEXT 5000 | SEAN PATRICK PATTERSON
562 VIRGIL AVE, UNIT #5
Los Angeles, CA 90004
sp.patterson@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LOS ANGELES HOMELESS SERVICES AUTHORITY,**<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity; and DOES 1-10,<br><br>Defendants. | **Case No. 2:26-cv-07056-DOC-AJR**<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>**SUPPLEMENTAL NOTICE REGARDING DOCUMENT 121; REQUEST FOR PRESERVATION AND PRODUCTION OF COMPLETE COLLABORATIVE APPLICANT RECORD; AND REQUEST TO PRESERVE ISSUES FOR APPROPRIATE SANCTIONS, DISCIPLINARY REFERRAL, OR INVESTIGATIVE REFERRAL IF WARRANTED** |

## SUPPLEMENTAL NOTICE REGARDING DOCUMENT 121

TO THE HONORABLE DAVID O. CARTER, UNITED STATES DISTRICT JUDGE:

Sean Patrick Patterson, appearing pro se and in connection with his previously submitted materials concerning The Next 5,000 and the Los Angeles Continuum of Care Collaborative Applicant process, respectfully submits this Supplemental Notice concerning Defendants' October 20, 2026 Response at Dkt. 121.

This Notice does not ask the Court to prejudge criminal or professional misconduct. It asks the Court to preserve and examine a material evidentiary gap that Dkt. 121 does not resolve and, if the resulting record demonstrates intentional falsification, concealment, obstruction, discriminatory

treatment, or other sanctionable or unlawful conduct, to preserve the Court's authority to take or refer whatever action is warranted.

## I. DKT. 121 CONFIRMS THAT HUD ACCEPTED THE RESULT BEFORE RECEIVING THE FORMAL CHANGE DOCUMENTATION

Dkt. 121 states that LA CoC reported receiving "only one full application" for the role of Collaborative Applicant, from the County of Los Angeles Department of Homeless Services and Housing ("HSH").

Dkt. 121 further states that LA CoC's membership voted to designate HSH as Collaborative Applicant on October 13, 2026.

HUD then states:

"LA CoC has not yet provided formal written notice and documentation to HUD of its Collaborative Applicant change, but HUD considers HSH an acceptable Collaborative Applicant and PIT Count Administrator."

That sequence is significant.

HUD expressly acknowledges that the formal notice and supporting documentation had not yet been provided to HUD. Nevertheless, HUD announced that HSH was acceptable.

Dkt. 121 does not explain what underlying application materials HUD independently reviewed before reaching that position.

## II. THE "ONE FULL APPLICATION" STATEMENT DOES NOT RESOLVE THE EXCLUDED-SUBMISSION ISSUE

The fact that LA CoC characterized HSH as the only "full application" does not establish that only one entity attempted to participate in the Collaborative Applicant process.

The existing record reflects an additional submission that was excluded or treated as disqualified at the threshold.

Dkt. 121 does not:

A. identify that excluded entity;

B. state whether the excluded entity was Project 5000, The Next 5,000, Sean Patrick Patterson, or another applicant;

C. identify every document submitted by the excluded entity;

D. state who made the exclusion determination;

E. identify when that decision was made;

F. identify the exact written rule or criterion relied upon;

G. state whether the exclusion decision was reviewed by LA CoC counsel, HUD, or any independent decision-maker;

H. state whether the excluded proposal was substantively scored or compared against HSH;

I. state whether HUD ever reviewed the excluded submission before announcing that HSH was acceptable; or

J. explain whether documents submitted by Sean Patrick Patterson or The Next 5,000 were entered into, omitted from, or excluded from the official Collaborative Applicant record.

The distinction is critical.

A selection process in which one applicant survives an eligibility determination is not the same thing as a substantive comparison in which multiple proposals are evaluated and one is determined to be superior.

If a competing applicant was removed before substantive review, the legality and factual basis for that exclusion become central to the integrity of the resulting one-applicant process.

## III. DKT. 121 DOES NOT SHOW THAT HUD CONDUCTED AN INDEPENDENT COMPARATIVE REVIEW

Dkt. 121 repeatedly describes what "LA CoC reports."

HUD then accepts HSH as an acceptable Collaborative Applicant.

But Dkt. 121 does not identify an independent HUD scoring process, comparative evaluation, evidentiary review, eligibility review, or investigation of the excluded Collaborative Applicant submission.

Accordingly, the presently disclosed record does not establish that HUD independently determined that HSH was superior to The Next 5,000, Project 5000, or any excluded applicant.

Nor does it establish that HUD independently determined that the exclusion itself was lawful.

The absence of an actual comparison matters because there is no meaningful basis to claim that one applicant was superior to another applicant whose materials were never substantively evaluated.

## IV. HUD'S EXPRESSED "PREFERENCE" FOR HSH REQUIRES A DISCLOSED FACTUAL BASIS

Dkt. 121 also states that HUD “prefers HSH” for the HMIS Lead and CES Management Entity roles because HSH has been designated Collaborative Applicant and because consolidation would facilitate transition and future oversight.

That statement is a policy conclusion.

The filing does not identify evidence showing that HUD compared The Next 5,000 against HSH in reaching that preference.

It does not disclose comparative measurements involving organizational capacity, governance, participant protections, housing-placement strategy, program performance, civil-rights compliance, fiscal structure, implementation capacity, or any other criterion relevant to The Next 5,000.

A preference announced without disclosing what competing materials were actually considered cannot establish that the preference resulted from a complete comparative evaluation.

## V. THE COURT SHOULD REQUIRE PRESERVATION OF THE COMPLETE RECORD

Because the eligibility and exclusion process is now material to the federal defendants’ position, Patterson respectfully requests preservation of all documents and electronically stored information relating to the Collaborative Applicant process.

The preserved record should include, at minimum:

1. every Intent to Apply;

2. every Collaborative Applicant application or attempted application;

3. every attachment, supplemental submission, email, letter, memorandum, presentation, or other material submitted by Sean Patrick Patterson, The Next 5,000, Project 5000, HSH, or any other applicant;

4. timestamps, transmission records, email headers, access logs, submission logs, and metadata showing when materials were received, opened, forwarded, reviewed, categorized, or rejected;

5. eligibility worksheets and threshold-review materials;

6. scoring sheets and evaluator notes;

7. interview invitations and interview records;

8. disqualification notices;

9. draft and final determinations;

10. communications identifying or discussing any applicant as incomplete, late, disqualified, excluded, nonresponsive, or otherwise ineligible;

11. communications between LA CoC, LAHSA, Los Angeles County, HSH, HUD, and federal counsel concerning the identity or treatment of the excluded submission;

12. communications referring to Sean Patrick Patterson, The Next 5,000, Project 5000, or substantially similar names;

13. communications discussing political considerations, federal policy objectives, presidential directives, ideological considerations, race, civil-rights concerns, or anticipated federal preferences relating to the Collaborative Applicant process;

14. documents identifying the individuals responsible for making or approving the exclusion determination;

15. documents showing what HUD possessed and reviewed before Dkt. 121 was filed; and

16. all records transmitted to counsel used to prepare the factual representations contained in Dkt. 121.

## VI. THE COURT SHOULD REQUIRE IDENTIFICATION OF THE EXCLUDED ENTITY AND DECISION-MAKER

Patterson respectfully requests that the Court require LA CoC and/or the appropriate party to state on the record:

A. the legal and organizational name of the excluded Collaborative Applicant submitter;

B. whether that submission included materials from Sean Patrick Patterson or The Next 5,000;

C. the precise basis for exclusion;

D. the date of exclusion;

E. the identity and position of each person participating in the decision;

F. whether the applicant received contemporaneous written notice;

G. whether reconsideration or appeal was available;

H. whether any substantive scoring occurred before or after exclusion; and

I. whether HUD received the excluded materials.

These facts should be established through records rather than inference.

## VII. POSSIBLE DISCRIMINATORY OR POLITICALLY MOTIVATED TREATMENT SHOULD BE TESTED AGAINST THE RECORD

Patterson has previously raised concerns that the treatment of The Next 5,000 may have been affected by discriminatory or politically motivated considerations.

Dkt. 121 does not establish such misconduct.

It also does not resolve the concern.

The relevant question is whether the complete documentary record demonstrates a neutral and consistently applied eligibility determination, or whether the excluded submission received materially different treatment because of an improper consideration, including race, political viewpoint, retaliation, favoritism, or predetermined alignment with governmental policy preferences.

The appropriate method is preservation, disclosure, comparison, and judicial factfinding.

Patterson therefore requests that no adverse intent be presumed against any individual without evidence, but likewise that the unexplained exclusion not be insulated from review merely because the resulting pool was subsequently described as containing only one complete applicant.

## VIII. COUNSEL'S REPRESENTATIONS SHOULD BE TESTED AGAINST THE SOURCE RECORD

Dkt. 121 was signed by Assistant United States Attorney Alexander L. Farrell on behalf of the federal defendants.

Federal Rule of Civil Procedure 11 requires an attorney presenting a filing to the Court to certify, after an inquiry reasonable under the circumstances, that factual contentions have evidentiary support or are specifically identified as matters expected to obtain support after further investigation.

Patterson therefore requests preservation of the factual source materials supplied to federal counsel concerning:

1. the number of Collaborative Applicant submissions;

2. the completeness of those submissions;

3. the exclusion of any competing submission;

4. the identity of the excluded applicant;

5. the completeness of the record transmitted to HUD; and

6. the basis upon which HUD considered HSH acceptable.

This request is not an allegation that counsel knowingly submitted a false statement.

It is a request to establish whether counsel's factual representations were supported by a reasonable and complete evidentiary inquiry.

**IX. RESERVATION OF SANCTIONS, DISCIPLINARY, AND INVESTIGATIVE ISSUES**

If the complete record ultimately demonstrates only a good-faith mistake, incomplete communication, or reasonable legal disagreement, the record should reflect that.

If, however, competent evidence establishes that any person intentionally falsified, altered, destroyed, concealed, or materially mischaracterized evidence; intentionally obstructed judicial or administrative review; knowingly presented unsupported factual assertions after learning they were false; or intentionally participated in unlawful discriminatory conduct, Patterson respectfully requests that the Court preserve its authority to consider all lawful remedies.

Those remedies may include, where procedurally and factually appropriate:

A. corrective findings;

B. evidentiary relief;

C. sanctions under applicable federal rules or the Court's inherent authority;

D. attorney-disciplinary proceedings or referral;

E. referral to an appropriate Inspector General, Office of Professional Responsibility, civil-rights authority, or other investigative body; and

F. referral to appropriate law-enforcement authorities if the evidence establishes reasonable grounds to investigate an independently defined criminal offense.

Patterson does not request that the Court determine criminal guilt through this Supplemental Notice.

Criminal liability requires proof of each statutory element through the process provided by law.

The purpose of the requested relief is to ensure that evidence capable of establishing either lawful conduct or unlawful conduct is not lost, concealed, or excluded from judicial review.

## X. REQUESTED RELIEF

Patterson respectfully requests that the Court:

1. TAKE NOTICE of the unresolved evidentiary issues identified above;

2. ORDER or otherwise require preservation of the complete Collaborative Applicant record;

3. REQUIRE identification of the excluded or disqualified Collaborative Applicant submission;

4. REQUIRE disclosure of the specific eligibility rule and factual basis used to exclude it;

5. REQUIRE identification of the person or persons responsible for that determination;

6. REQUIRE disclosure of whether the excluded submission was Project 5000, The Next 5,000, Sean Patrick Patterson, or another entity;

7. REQUIRE disclosure of what materials HUD actually possessed and reviewed before taking the position stated in Dkt. 121;

8. REQUIRE clarification of whether HUD independently reviewed the exclusion determination;

9. PRESERVE all relevant electronically stored information and metadata;

10. DECLINE to treat the phrase "only one full application" as resolving the lawfulness of the applicant-selection process until the exclusion record is examined;

11. PERMIT supplementation of the record based upon the preserved materials;

12. RETAIN jurisdiction to address any demonstrated Rule 11, disciplinary, evidentiary, civil-rights, obstruction, or other misconduct through the procedure required by law; and

13. GRANT such other and further relief as the Court determines necessary to protect the integrity of its proceedings and the Collaborative Applicant selection record.

Dated: October 20, 2026

Respectfully submitted,
/s/: Sean Patrick Patterson
**SEAN PATRICK PATTERSON**

**The Next 5,000**

# EXHIBIT R

## LEGAL DASHBOARD — DOCUMENT 121 / COLLABORATIVE APPLICANT RECORD

Case No. 2:26-cv-07056-DOC-AJR

### EXHIBIT DESCRIPTION

| | |
|---|---|
| **Exhibit** | Exhibit R — Legal Dashboard Regarding Document 121 |
| **Description** | This demonstrative exhibit is included to visually organize the issues raised by Document 121 and the Supplemental Notice. It summarizes HUD's acceptance of HSH, the absence of formal written change documentation acknowledged in Document 121, the unresolved identity and treatment of the excluded Collaborative Applicant submission, the absence of a disclosed independent comparative review by HUD, the preservation issues, and the specific factual questions presented for judicial review. The dashboard is offered as a demonstrative aid only. It does not substitute for the underlying docket, applications, communications, metadata, scoring materials, or other evidence, and it does not ask the Court to presume criminal, discriminatory, or professional misconduct. Its purpose is to assist the Court in identifying the record gaps that should be preserved and resolved before the Collaborative Applicant process is treated as complete or independently validated. |

# EXHIBIT R — LEGAL DASHBOARD




*Demonstrative summary of issues presented by Document 121 and the Supplemental Notice.*