FILED
CLERK, U.S. DISTRICT COURT
10/29/26
CENTRAL DISTRICT OF CALIFORNIA
BY ang DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOS ANGELES HOMELESS SERVICES AUTHORITY,<br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br>Defendants. | Case No. 2:26-cv-07056-DOC-AJR<br><br>EMERGENCY APPLICATION FOR LIMITED INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; EVIDENTIARY EXHIBITS AJ–AP; DECLARATION; AND [PROPOSED] ORDER |

Sean Patrick Patterson, Proposed Individual Intervenor, regarding The Next 5,000

Date: October 29, 2026

## NOTICE OF APPLICATION AND SPECIFIC RELIEF REQUESTED

To the Court and all counsel of record: Sean Patrick Patterson, proposed individual intervenor, seeks expedited consideration of his pending intervention request and narrowly tailored relief concerning the Los Angeles Continuum of Care (LA CoC) Collaborative Applicant selection and related implementation. The requested measures are preservation of records, a verified implementation accounting, accurate clarification of the operative court orders, and only such temporary restraint of specifically identified irreversible acts as the evidence and Rule 65 permit. Essential homelessness services, placements, and lawfully authorized payments must continue.

This application is subject to Rule 24, Rule 65, Local Rule 7-19 if ex parte relief is sought, and the Court's existing orders. It does not represent that the CoC selection was judicially invalidated or that the public announcement itself establishes wrongdoing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT PROCEEDINGS

The Court issued an August 13, 2026 preliminary injunction (Dkt. 63). The CoC reported on selection procedures, including an applicant-evaluation report referenced as Dkt. 106-1. The federal defendants submitted their position concerning selection and HUD acceptance in Dkt. 121 on October 20. On October 27 the Court held a status conference reflected in Dkt. 141, and a subsequent status-quo order was entered. The exact operative text governs; administrative designation does not necessarily equal final judicial adjudication.

On October 27 the County Board considered Item 11-C (File No. 26-6582), relating to transition authority. The City and County made public statements concerning the transfer of regional homelessness functions. On October 29 the County officially announced selection for the Collaborative Applicant, HMIS Lead, CES Management Entity, and PIT Count Administrator roles, expressly acknowledging applicable court-related and HUD requirements.

## II. FEATURED EVIDENTIARY RECORD — EXHIBITS AJ THROUGH AP

The evidence is organized by issue, source, precise proposition, and requested remedy. Allegations concerning The Next 5,000's treatment require authentication of the underlying application and correspondence; public statements are not treated as judicial findings of misconduct.

### EXHIBIT AJ — OCTOBER 27 COURT MINUTES AND OPERATIVE ORDER

Source: Dkt. 141 and signed October 27 status-quo order

Evidentiary showing: Establish what the Court ordered, which obligations remain in force, and whether the Collaborative Applicant designation was adjudicated.

Relief supported: Judicial clarification and conformity of any temporary order to the existing injunction.

### EXHIBIT AK — OCTOBER 29 COUNTY OFFICIAL ANNOUNCEMENT

Source: Los Angeles County official October 29 news release

Evidentiary showing: Shows County public designation of HSH for four administrative roles and the express qualification that transition remains subject to court-related and HUD requirements.

Relief supported: Verified implementation-status accounting; clarification only if a particular statement is shown materially inaccurate.

### EXHIBIT AL — STATEMENTS OF FIVE COUNTY SUPERVISORS

Source: Official County release: Hilda L. Solis, Holly J. Mitchell, Lindsey Horvath, Janice Hahn, Kathryn Barger

Evidentiary showing: Establishes attributable official public representations and the policy rationale for transferring functions; statements do not independently establish an unlawful selection.

Relief supported: Compare public representations against actual Board actions and operative judicial orders.

### EXHIBIT AM — BOARD ITEM 11-C / FILE 26-6582

Source: October 27 Board agenda, adopted action and supporting documents

Evidentiary showing: Identifies any delegated power to execute data-use, CES and related transition agreements; agenda text alone does not prove execution.

Relief supported: Identify agreements already executed, imminent execution dates, and any independently irreversible implementation act.

### EXHIBIT AN — OCTOBER 28 LAIST REPORT

Source: Aaron Schrank, LAist, October 28, 2026

Evidentiary showing: Provides contemporaneous independent reporting concerning Court proceedings and continuity of LAHSA functions during transition; secondary evidence only.

Relief supported: Corroboration of chronology; obtain primary records for disputed facts.

### EXHIBIT AO — LA CoC APPLICANT-EVALUATION REPORT

Source: Dkt. 106-1, actual filed report and appendices

Evidentiary showing: Shows selection criteria and reported evaluation; relevant to identifying whether any applicant submission was disqualified, excluded or not received.

Relief supported: Record preservation and applicant-specific factual accounting.

### EXHIBIT AP — THE NEXT 5,000 SUBMISSION AND CORRESPONDENCE

Source: September 2026 application materials, receipts, emails, follow-up notices and referenced earlier exhibits

Evidentiary showing: May establish what was submitted, when, to whom, whether eligibility requirements were met, and what response was received; factual foundation for asserted harm.

Relief supported: Expedited limited review of receipt, eligibility, evaluation and response trail; individualized injury finding if evidence supports it.

## III. IDENTIFIED DISPUTES REQUIRING EVIDENCE

Movant seeks preservation and an accounting of: (1) all RFQ instructions and amendments; (2) applications, intake records, timestamps, upload logs, acknowledgments, completeness determinations and notices; (3) scoring and evaluators' recorded reasons; (4) CoC votes and minutes; (5) communications transmitting the designation to HUD; (6) Board authority, signed agreements and anticipated transfer dates; and (7) the September submission and follow-up record specific to The Next 5,000.

Whether The Next 5,000 submitted a timely complete application, had a right to an evaluation, or suffered an actionable procedural injury remains to be determined from those original records. The fact that only one complete applicant reportedly was evaluated does not alone establish wrongful exclusion.

## IV. LEGAL STANDARD

Rule 24 governs intervention; the Court must decide whether the movant may seek relief in this action. Under Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008), provisional injunctive relief requires likelihood of success, likely irreparable harm, a favorable balance of equities, and consistency with the public interest. Rule 65(d) requires specificity. Any ex parte request must additionally comply with notice and declaration requirements, including applicable local rules.

Movant contends that imminent irreversible governance commitments may frustrate effective relief, but no automatic injunction follows merely from an administrative announcement. Specific pending actions, timing, likely harm and available less-disruptive alternatives should be established by competent evidence before any restraint is entered.

## V. RELIEF REQUESTED

1. Expedite consideration of intervention and determine the scope in which Movant may be heard.

2. Order preservation by persons and entities properly before the Court of the selection and transition records specifically identified above, subject to privilege and lawful privacy limits.

3. Require, if procedurally authorized, a verified report of designation, HUD notice/acceptance, Board approval, executed agreements, completed actions and planned implementation dates.

4. Clarify what the existing federal orders do and do not determine concerning the Collaborative Applicant designation, and require a corrective statement only upon a supported finding of materially false or legally misleading public representations.

5. Temporarily restrain only specifically identified, imminently irreversible actions if supported by the requisite factual findings under Rule 65; expressly exclude ordinary provision of housing, emergency assistance, payments and necessary continuity of services.

6. Require an applicant-specific explanation concerning the receipt, completeness, eligibility and disposition of The Next 5,000 materials, insofar as jurisdiction and evidence permit.

7. Set expedited response and hearing dates, and reserve further merits remedies pending development of a complete record.

## VI. CONCLUSION

For the reasons above and subject to the Court's determination of intervention, Movant requests the specifically limited relief set forth in Section V.

Dated: October 29, 2026

/s/ Sean Patrick Patterson
Sean Patrick Patterson
Proposed Individual Intervenor, Self-Represented
Los Angeles County, California

## DECLARATION OF SEAN PATRICK PATTERSON

I, Sean Patrick Patterson, declare under penalty of perjury under the laws of the United States of America:

I am Program Director of The Next 5,000. I seek limited intervention related to the handling of its Collaborative Applicant/RFQ materials.

The records identified as Exhibit AP concern communications and submissions associated with The Next 5,000. The original items, transmission information and receipts should be used to establish their dates and contents.

I request preservation of the relevant records and review of the treatment of these materials, while ensuring homelessness assistance continues without interruption.

My statements concerning actions of public bodies are based on the identified records. I do not claim that a public announcement is itself a judicial finding or proof of criminal activity.

Executed on October 29, 2026, in Los Angeles County, California.

/s/ Sean Patrick Patterson
Sean Patrick Patterson

**[PROPOSED] ORDER**

The Court, having considered the application, any opposition, the evidentiary record, and the status of the intervention motion, ORDERS as follows:

The request for expedited consideration is [GRANTED / DENIED]. Briefing and hearing dates, if any, shall be fixed by separate notice.

Any preservation obligations imposed here apply only to identified persons or entities within the Court's jurisdiction and are subject to privilege and applicable law.

Any verified implementation report shall separately identify each of the four administrative roles, HUD status, executed agreements, completed transfers and planned steps.

No transfer or service shall be restrained absent separate findings specifying the affected act, the duration of restraint, the proof of imminent irreparable injury, and compliance with Rule 65.

All matters concerning validity of the selection, further corrective notice, damages, and other merits remedies are reserved.

IT IS SO ORDERED.

Dated: ___________________

__________________________________________

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**EXHIBIT INDEX AND IDENTIFICATION SHEET**

The following source documents correspond to the evidentiary references in Section II. This index does not substitute for copies of the original source materials.

EXHIBIT AJ — OCTOBER 27 COURT MINUTES AND OPERATIVE ORDER
Dkt. 141 and signed October 27 status-quo order

EXHIBIT AK — OCTOBER 29 COUNTY OFFICIAL ANNOUNCEMENT
Los Angeles County official October 29 news release

EXHIBIT AL — STATEMENTS OF FIVE COUNTY SUPERVISORS
Official County release: Hilda L. Solis, Holly J. Mitchell, Lindsey Horvath, Janice Hahn, Kathryn Barger

EXHIBIT AM — BOARD ITEM 11-C / FILE 26-6582
October 27 Board agenda, adopted action and supporting documents

EXHIBIT AN — OCTOBER 28 LAIST REPORT
Aaron Schrank, LAist, October 28, 2026

EXHIBIT AO — LA CoC APPLICANT-EVALUATION REPORT
Dkt. 106-1, actual filed report and appendices

EXHIBIT AP — THE NEXT 5,000 SUBMISSION AND CORRESPONDENCE
September 2026 application materials, receipts, emails, follow-up notices and referenced earlier exhibits

Source retrieval: County October 29 official announcement: https://lacounty.gov/2026/10/29/la-continuum-of-care-selects-la-county-to-assume-four-key-regional-administrative-roles-in-homeless-response/
LAist October 28 report: https://laist.com/news/housing-homelessness/judge-keeps-trump-suspension-of-lahsa-on-hold-as-key-homelessness-roles-shift-to-la-county

# The Next 5,000

EXHIBITS DASHBOARD

## United States District Court
Central District of California

Case No. 2:26-cv-07056-DOC-AJR

## Emergency Application for Limited Injunctive Relief

EXHIBITS AJ – AP

FILED OCTOBER 29, 2026

| Exhibit | Document / Description | Date | What It Shows | Source / Reference | File / Preview |
|---|---|---|---|---|---|
| AJ | **Federal Court Order and Status Conference Minutes**<br>October 27, 2026 order and hearing record | Oct. 27, 2026 | Establishes the Court's current directives, status conference proceedings, and applicable limitations on implementation. | U.S. District Court Docket Entry and Hearing Minutes (Oct. 27, 2026) |  |
| AK | **Los Angeles County Official Announcement**<br>County press release announcing HSH selection for four key roles | Oct. 29, 2026 | Publicly announces HSH's selection and acknowledges applicable court-related transition requirements and HUD requirements. | Los Angeles County Official Website (Oct. 29, 2026) | |
| AL | **Statements of All Five County Supervisors**<br>Public statements regarding the CoC selections | Oct. 26–29, 2026 | Show each Supervisor's public position on the CoC administrative role selections and related implementation plans. | Los Angeles County Board of Supervisors (Oct. 26–29, 2026) |  |
| AM | **Board of Supervisors Item 11-C, File 26-6582**<br>Board action related to homelessness administration | Oct. 28, 2026 | Demonstrates County governance actions, authorizations, and implementation steps related to the CoC roles. | Los Angeles County Board of Supervisors File No. 26-6582 (Oct. 28, 2026) |  |
| AN | **LAist Article**<br>Aaron Schrank reporting on CoC selection and transition | Oct. 28, 2026 | Independent media reporting on the CoC selection process, County actions, and implementation timeline. | LAist By Aaron Schrank (Oct. 28, 2026) | LAist |
| AO | **LA CoC Applicant-Evaluation Report**<br>Docket 106-1<br>CoC's report on applications and evaluation process | Oct. 14, 2026 | Shows the CoC's evaluation process, the number of applications received, and the basis for selection of the County as the only evaluated Collaborative Applicant. | U.S. District Court Docket 106-1 (Oct. 14, 2026) |  |
| AP | **The Next 5,000 Application and Correspondence**<br>RFQ submission, emails, and related communications | Aug. – Oct. 2026 | Establishes The Next 5,000's timely submission, eligibility, communications with the CoC and related parties, and the need for review of its materials. | The Next 5,000 Submission Package (Aug. – Oct. 2026) |  |

**Purpose of Exhibits AJ – AP**

1. Establish the Court's current orders and limitations.
2. Document public representations and implementation actions.
3. Show the CoC's applicant-evaluation process.
4. Demonstrate The Next 5,000's application and communications.
5. Support the requested injunctive relief, preservation of evidence, and corrective clarification.